UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL STEVEN POLLARD, JR.,**

    Petitioner,

v.                                          Case No. 8:25-cv-2371-MSS-SPF

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

## O R D E R

Pollard filed a second amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions. (Docs. 6, 10, 11, and 12) The Court reviews the second amended petition for sufficiency. Rule 4, Rules Governing Section 2254 Cases.

Judicially noticed records[1] show that, in Case Number 23-CF-475 in Hernando County, Florida, Pollard pleaded no contest to possession of a firearm by a felon and grand theft, and pursuant to a negotiated plea, the trial judge sentenced Pollard to five years in prison. *State v. Pollard*, No. 23-CF-475 (Fla. 5th Jud. Cir.).

In Case Number 24-CF-340, Pollard pleaded no contest to two counts of witness intimidation, and pursuant to a negotiated plea, the trial judge sentenced Pollard to five years in prison. *State v. Pollard*, No. 24-CF-340 (Fla. 5th Jud. Cir.).

---

[1] The Court attaches to this Order a copy of the relevant state court records.

In his second amended federal petition, Pollard asserts the following four grounds (Doc. 6 at 5–10):

> [Pollard's] double jeopardy rights were violat[ed] when [police] arrested [Pollard] [for] out-of-state allegations.
>
> (Ground One)
>
> Fraudulent criminal processes violations, individually and collectively, [were] irreparably insufficient to afford jurisdiction over [Pollard]. Prosecutors knew that the information [ ] was insufficient to establish jurisdiction over [Pollard].
>
> (Ground Two)
>
> The numerous due process violations, individually and collectively, by [the] trial court, [which] erred [by] summarily denying [Pollard's] right to a fair trial. The law protect[s] [Pollard], [who is] unlearned in the law. Courts "cannot impose on [him] the same high standards of legal art which might be placed on the members of the legal profession."
>
> (Ground Three)
>
> [Pollard] alleges that Florida law enforcement has failed adequately to respond to all requests under the Public Records [law]. The record prov[es] violations [of the] Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. [Pollard] subsequently expanded the requests to also seek record[s] relating to the information [ ] filed by law enforcement.
>
> (Ground Four)

In memoranda that support the second amended petition, Pollard asserts that the trial judge and the prosecutor lacked jurisdiction over the prosecution and that the

charges violated the statute of limitations. (Docs. 10, 11, and 12) Pollard demands release from prison. (Doc. 12 at 2)

A one-year statute of limitation applies to a Section 2254 petition. 28 U.S.C. § 2244(d)(1). The limitation starts "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The state court judgment entered in Case Number 24-CF-340 on March 11, 2024. *Pollard*, No. 24-CF-340. Pollard did not appeal, and the time to appeal expired thirty days later — April 10, 2024. Fla. R. App. P. 9.140(b)(3). The limitation started to run the next day. Because Pollard did not seek post-conviction relief in state court, the limitation ran for a year and expired on April 11, 2025. *See* 28 U.S.C. § 2244(d)(2). Consequently, Pollard untimely filed his Section 2254 petition attacking the judgment in Case Number 24-CF-340 by placing the petition in the hands of prison officials for mailing on August 28, 2025. (Doc. 1 at 4) *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).[2]

The state court judgment entered in Case Number 23-CF-475 on March 11, 2024. *Pollard*, No. 23-CF-475. Pollard did not appeal, and the time to appeal expired April 10, 2024. Fla. R. App. P. 9.140(b)(3). The limitation period started to run the next day. On December 13, 2024, Pollard filed a motion to vacate an injunction prohibiting his contact with the victims. *Pollard*, No. 23-CF-475. At that time, 246 days had run on the limitation. Assuming that the motion is an "application for State post-

---

[2] The Court assumes that the claims in the second amended petition relate back to the claims in the petition that Pollard initially filed. *Mayle v. Felix*, 545 U.S. 644 (2005).

3

conviction or other collateral review" that tolls the limitation, the post-conviction court denied the motion on January 14, 2025. *Pollard*, No. 23-CF-475. Pollard did not appeal, and the limitation tolled until the time to appeal expired thirty days later — February 13, 2025. Fla. R. App. P. 9.110(b) and 9.141(b)(1). *Cramer v. Sec'y, Dep't Corrs.*, 461 F.3d 1380, 1383 (11th Cir. 2006). The limitation resumed the next day and expired 119 days later, on June 13, 2025. Pollard placed the petition in the hands of prison officials for mailing on August 28, 2025. (Doc. 1 at 4) Consequently, the petition attacking the judgment in Case Number 23-CF-475 is untimely. *Washington*, 243 F.3d at 1301.

Even if the petition were timely, Pollard asserts that the trial judge and the prosecutor lacked jurisdiction over the prosecution, that the charges violated the statute of limitations, and that a Florida law enforcement agency violated public records law. Because these claims assert a violation of state law, the claims are not cognizable on federal habeas. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). §17, Art. V, Fla. Const. §§ 119.07, 775.15, and 910.005, Fla. Stat.

Pollard admits that he did not exhaust his remedies in state court. (Doc. 6 at 6–11) Because the time to seek a direct appeal expired on April 10, 2024, the time to seek post-conviction relief in state court may not have expired. Consequently, Pollard should seek relief in state court. Fla. R. Crim. P. 3.850(b) (requiring a defendant to file a post-conviction motion within two years of the judgment and sentence becoming final). *Sadler v. State*, 141 So. 3d 1266, 1268 (Fla. 1st

4

DCA 2014) ("If no direct appeal is taken, a judgment and sentence become final after the thirty-day period for filing an appeal has expired.").

The double jeopardy claim is cognizable on federal habeas. The arrest affidavit in Case Number 23-CF-475 states that Pollard stole a firearm in Indiana and transported the stolen firearm and four other firearms from Indiana to Florida. *Pollard*, No. 23-CF-475. The arrest affidavit in Case Number 24-CF-340 states that Pollard tampered with the witness before the witness traveled from Indiana to Florida. *Pollard*, No. 24-CF-340.

In the Florida court, Pollard pleaded no contest pursuant to an agreement with the prosecutor. *Pollard*, Nos. 23-CF-475 and 24-CF-340. By entering the negotiated plea, Pollard waived all non-jurisdictional defects in the criminal proceedings, including the double jeopardy claim. *Dermota v. United States*, 895 F.2d 1324, 1325–26 (11th Cir. 1990); *United States v. Broome*, 628 F.2d 403, 404 (5th Cir. 1980).[3] Also, Pollard does not allege that he received a conviction in an Indiana court for possession of a firearm by a felon, grand theft, or witness Intimidation. He alleges only that the convictions in Florida were based on conduct that occurred in Indiana. Consequently, he fails to allege facts that demonstrate a violation of double jeopardy. *Brown v. Ohio*, 432 U.S. 161, 165–66 (1977).[4]

---

[3] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).
[4] Even if the claim were not waived and Pollard was convicted of the same crimes in an Indiana court, the convictions in Florida likely do not violate double jeopardy. *Heath v. Alabama*, 474 U.S. 82, 88 (1985) ("The dual sovereignty doctrine, as originally articulated and consistently applied by this Court, compels the conclusion that

5

Accordingly, Pollard's second amended petition (Doc. 6) for a writ of habeas corpus is **DENIED** in part and **DISMISSED** in part. The double jeopardy claim is **DENIED**. All other claims based on state law are **DISMISSED** without prejudice for Pollard to seek relief in state court. The Clerk is **DIRECTED** to enter a judgment against Pollard only on the double jeopardy claim and to **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS

Because Pollard neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on January 12, 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause.").